**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

JOHN ROBERT DEMOS,

Plaintiff,

v. Case No. 2:24-cv-00027

DONALD JOHN TRUMP,
Former U.S. President,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Plaintiff's Complaint (ECF No. 2) and his Application to Proceed *In Forma Pauperis* (ECF No. 1).

*I. BACKGROUND*

Despite having no apparent connection to the Southern District of West Virginia, on January 1, 2024, Plaintiff, a Washington state prisoner proceeding pro se, filed the instant Complaint (ECF No. 2) naming former U.S. President Donald John Trump as the sole defendant. The complaint alleges that, on January 6, 2020, Defendant gave his "blessing and authority to engage in rebellion against the U.S. Government and election officials" and, himself, engaged in insurrection, rebellion, and treason during the "Wash. D.C. Capitol [Riots]." (ECF No. 2 at 8, 10). Plaintiff further contends that this conduct "shut down" various branches of the federal government, which allegedly prevented him

from "petitioning the Government for a redress of grievances" and violated his Fourteenth Amendment rights and other provisions of the United States Constitution. (*Id.* at 10-11). Plaintiff seeks monetary damages and unspecified declaratory and injunctive relief. Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 1) seeking to proceed without pre-payment of the applicable $405 filing fee. It appears that Plaintiff has filed similar complaints in other jurisdictions around the country.

## *II. DISCUSSION*

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action under this section [relating to proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472 (S.D.W. Va. June 30, 2008) (Johnston, J.).

The undersigned has determined that Plaintiff is a frequent and abusive filer of vexatious and frivolous lawsuits in numerous jurisdictions within the United States. In fact, it appears that Plaintiff has filed over 450 lawsuits in many federal courts since 1991. *See Demos v. Trump*, No. 2:24-cv-00165-TMC-MGB, 2024 WL 3014876, at *2 (D.S.C. Apr. 18, 2024). Furthermore, the undersigned takes judicial notice of the fact that Plaintiff has had pre-filing bar orders issued in various courts, including the Eastern and Western Districts of Washington, Washington state courts, the Ninth Circuit Court of Appeals, the United States District Court for the District of Columbia, and the United States Supreme Court. *Id* at *2-3.; *see also Demos v. Trump*, No. 3:24-cv-00016-SLG, at *1 (D. Ala. Jan. 25, 2024).

These and other court records demonstrate that, while incarcerated, Plaintiff has filed at least three civil actions that have been dismissed for being frivolous, malicious, or for failure to state a claim upon which relief can be granted.[1] Thus, Plaintiff has "vastly exceeded the three 'strikes' allowed by the PLRA[.]" *See Demos v. Trump*, No. 24-cv-04-M-DWM, 2024 WL 554307, at *2 (D. Mont. Feb. 12, 2024); *see also Demos v. McConnell*, No. 3:20-cv-290-HEH, 2020 WL 2091787, at *1 (E.D. Va. Apr. 30, 2020) ("Demos has scores of actions or appeals that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief could be granted."); *Demos v. Trump*, No. 2:20-cv-00366, 2020 WL 3051604, at *2 (S.D.W. Va. June 8, 2020) ("Plaintiff's attempt to file in

[1] As early as 1996, shortly after1 the PLRA was enacted, Plaintiff had already "struck out" under § 1915(g) when he filed five cases in the United States District Court for the District of Columbia, all of which were dismissed as frivolous that same day. *See Demos v. Greenspan,* No. 1:96-cv-1826 (D.D.C. Aug. 5, 1996); *Demos v. Director, Mint Office,* No. 1:96-cv-1825 (D.D.C. Aug. 5, 1996); *Demos v. Director, Patent Office,* No. 1:96-cv-1824 (D.D.C. Aug. 5, 1996); *Demos v. Director, Census Bureau,* No. 1:96-cv-1823 (D.D.C. Aug. 5, 1996); *Demos v. Internal Revenue Service,* No. 1:96-cv-1822 (D.D.C. Aug. 5, 1996).

venues with no connection to his allegations, particularly in light of such prior frivolous litigation, is an apparent abuse of process and the complaint must be dismissed.").

Moreover, Plaintiff has not asserted and cannot reasonably assert that he is under imminent danger of serious physical injury under the circumstances presented in his complaint. As aptly noted by our sister court:

> Under this exception to § 1915(g), the district court must determine whether the plaintiff's facts show that he was in imminent danger of serious physical harm either when he filed his complaint or at some time thereafter, related to the claims in the case. *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (citing *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 314 (3rd Cir. 2001)). Thus, the "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." *Newkirk v. Kiser*, 812 F. App'x 159, 159 (4th Cir. 2020) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Courts have also held that the "imminent danger" exception to § 1915 (g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" and related to the alleged official misconduct. *See, e.g., Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Johnson*, 200 F. App'x at 272 (quoting *Martin*, 319 F.3d at 1050).

*LeGendre v. Woodson*, No. 7:20-cv-00352, 2020 WL 7048295, at *2 (W.D. Va. Dec. 1, 2020). Plaintiff's complaint alleges no such facts.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, while incarcerated, Plaintiff has filed at least three federal civil actions that have been dismissed as being frivolous or malicious, or for failure to state a claim upon which relief may be granted and, thus, he qualifies for application of the three strikes provision contained in 28 U.S.C. § 1915(g). Additionally, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff fails to state any credible facts that reasonably indicate that he is under imminent danger of serious physical injury sufficient

to warrant an exception to the PLRA three strikes rule with respect to the claims in his complaint. Therefore, dismissal of this civil action, without prejudice, under 28 U.S.C. § 1915(g) is appropriate.

*III. RECOMMENDATION*

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) and **DISMISS** this civil action pursuant to 28 U.S.C. § 1915(g).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the Plaintiff.

November 1, 2024

Dwane L. Tinsley
United States Magistrate Judge